IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAMOUNT AUSTIN,

       Plaintiff,

v.                                         CIV 16-0017 MV/KBM

SELECT PORTFOLIO SERVICING,
AND DOE,

       Defendants.

## PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff LaMount Austin's ("Plaintiff's")

Motion for Default Judgment (*Doc. 9*), filed on April 5, 2016, and Defendant Select

Portfolio Servicing's ("Defendant's") Motion to Dismiss Complaint to Quiet Title

(*Doc. 12*), filed on April 15, 2016. *Docs. 12, 13.* The Honorable Martha A. Vazquez

referred these motions to me on May 20, 2016, and May 24, 2016, respectively, to

conduct hearings, if warranted, including evidentiary hearings, and to perform any legal

analysis required to recommend to the Court an ultimate disposition of the case.

*Docs. 13, 14.* Having considered the parties' submissions, the relevant law, and the

record in this case, the Court recommends that Defendant's Motion to Dismiss be

denied and that Plaintiff be given an opportunity to re-serve Defendant in accordance

with Federal Rule of Civil Procedure 4. Additionally, the Court recommends that

Plaintiff's Motion for Default Judgment be denied due to insufficient service of process.

## I.      Background

In this federal action, the *pro se* Plaintiff filed a Complaint to Quiet Title against Defendant, a mortgage servicing company, on January 11, 2016. The real property at issue in this case is located at 6928 Hawkwatch Rd. NW, Albuquerque, NM 87114, and is the subject of a pending foreclosure suit in Second Judicial District Court, County of Bernalillo, New Mexico, Cause No. D-202-cv-2012-07892.

Plaintiff filed a Summons Return on April 5, 2016, certifying Defendant was served with the federal complaint on February 29, 2016. *See Doc. 8.* Plaintiff also filed a Motion for Default Judgment on April 5, 2016, alleging "Defendant ha[d] not filed an answer and a Motion for Default [was] entered by the Clerk of this Court." *Doc. 9* ¶ 2. Contrary to this assertion, however, no Clerk's Entry of Default has been entered in this case.

Defendant Select Portfolio Servicing, Inc. ("Select Portfolio") filed a Motion to Dismiss on April 15, 2016. *See Doc. 12.* Defendant argues the Summons Return establishes service of process is deficient because the Complaint was mailed to a post office box for general correspondence for Defendant. *See id.* ¶ 6. Plaintiff did not respond to Defendant's Motion to Dismiss. Under the District's Local Rule 7.1(b), failure to respond to a motion generally "constitutes consent to grant the motion." D.N.M.LR– Civ. 7.1(b). Given Plaintiff's assertion that he effected service on February 29, 2016, however, the Court will proceed to consider the merits of Defendant's motion.

## II.     Legal Standard

A federal court may not exercise personal jurisdiction over a defendant until the procedural requirement of service of process is satisfied. *Omni Capital Int'l, Ltd. v.*

*Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Proper service must satisfy both due process and the applicable statutory requirements. *Brand v. Mazda Motor of Am., Inc.*, 920 F. Supp. 1169, 1171 (D. Kan. 1996). All litigants, including *pro se* litigants, must follow the requirements of Federal Rule of Civil Procedure 4. *Di Cesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1983). Plaintiff has the burden of establishing the validity of service of process. *See Fed. Deposit. Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

III.   **Analysis**

A.   **Motion to Dismiss for Lack of Proper Service of Process**

Defendant argues that Plaintiff has not effected proper service because: (1) the summons was addressed to Defendant's general correspondence post office box; (2) the attachments to the summons did not set forth the actual post office box where service was conducted; and (3) there is not a signature of acceptance by an authorized agent to demonstrate the summons was received by a party authorized to accept service. *See Doc. 12* ¶ 7.

Rule 4(h) of the Federal Rules of Civil Procedures governs service of process on a corporation, partnership, or association, and mandates service in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, Rule 4 provides that service on a corporation may be performed "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows service to be effected in conformity with state law for serving a summons. Fed. R. Civ.

3

P. 4(e)(1). Thus, service of process here, if in accordance with New Mexico state law, will satisfy the federal service requirements. *See* Fed. R. Civ. P. 4(h)(1)(A).

The applicable state law for service on a corporation is New Mexico Rule 1-004(G). Under this rule, service may be made upon a domestic corporation "by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process." NMRA 1-004(G)(1)(a). Additionally, service may be made on a corporation by mail or commercial courier service in the manner provided in subsection (E)(3) of this rule. NMRA 1-004 (G)(3).[1] New Mexico Rule 1-004(E)(3) in turn provides that when serving by mail or commercial courier service, the envelope must be addressed to the named defendant and the defendant, or person authorized by appointment, must sign a receipt for the envelope containing the summons and complaint. NMRA 1-004 (E)(3). Service by mail or commercial courier service is complete on the date the receipt is signed. *Id.*

Defendant Select Portfolio is a corporation governed by Rule 4(h) and has a registered agent authorized to accept service of process. *See Doc. 12* ¶ 8; *see also* Office of the Secretary of State, Corporations and Business Services Department, available at

https://portal.sos.state.nm.us/BFS/online/CorporationBusinessSearch/CorporationBusinessInformation?businessID=159725 (last accessed on July 11, 2016) (indicating that Defendant's Registered Agent in New Mexico is the Corporation Service Company at

---

[1] New Mexico Rule 1-004(G)(2) provides other methods of service on a corporation; however, these methods can only be used if there is a refusal to accept process or if "none of the persons mentioned is available." NMRA 1-004(G)(2).The record before the Court does not show a refusal to accept service or an unavailable officer, managing or general agent or any other agent.

123 East Marcy Street, Suite 101, Santa Fe, NM 87501).[2] Yet, the Summons Return does not demonstrate that Plaintiff served Defendant's registered agent, as is the most usual practice of service of process in this District. *See Doc. 8*. Rather, Plaintiff mailed the summons by certified mail on February 24, 2016, to "Select Portfolio Servicing, Defendant, P.O. Box 65250 Salt Lake City, UT 84165." *See id.* at 2, 4. According to Defendant, this post office box is specifically designated for general correspondence. *See Doc. 12* ¶7.

The Court takes judicial notice that certified mail provides a sender with only proof of mailing and notification of delivery or an attempted delivery.[3] United States Postal Service, https://www.usps.com/ship/insurance-extra-services.htm (last visited June 29, 2016). When certified mail is combined with a return receipt- an additional service option- the United States Postal Service ("USPS") provides the sender with the signature of the individual who accepted the mailing. *Id.* Here, the mail receipt shows Plaintiff did not pay for any of the "extra services & fees" such as a return receipt, when sending the summons. *See Doc. 8* at 4. The USPS tracking log indicates the summons was delivered by first-class certified mail on February 29, 2016, to Salt Lake City, UT 84165. *See id.* at 3. It does not, however, specify the post office box number or the recipient of the summons; nor does it provide the recipient's signature. *See id.* Accordingly, service has not been properly effected under federal or New Mexico law.

---

[2] Facts contained in public records are considered appropriate subjects of judicial notice. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006).

[3] The Court may take judicial notice of a website's contents, assuming its authenticity has not been challenged, and it is capable of accurate and ready determination. *See City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n. 1 (6th Cir. 2005) (taking judicial notice of a term defined on the website of the National Association of Securities Dealers, Inc.); *see also Schaffer v. Clinton*, 240 F.3d 878, 885 n. 8 (10th Cir. 2001) (taking judicial notice of information found in a political reference almanac and citing to the almanac's website).

Federal Rule of Civil Procedure 4(m) provides that when a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.*

The Tenth Circuit has established a two-step test for evaluating Rule 4(m) questions. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The first question is "whether the plaintiff has shown good cause for the failure to timely effect service." *Id.* If so, the plaintiff is entitled to a mandatory extension of time. *Id.* Second, if the plaintiff has failed to show good cause, the district court may exercise its discretion and allow an extension of time, or it may dismiss the case without prejudice. *Id.* The Tenth Circuit has interpreted the "good cause" standard of Rule 4(m) narrowly. *See In re Kirkland,* 86 F.3d 172, 174 (10th Cir. 1996).

Here, Plaintiff filed his Complaint on January 11, 2016, and, in failing to respond to the motion to dismiss, has not shown good cause for the failure to timely effect service within 90 days. "Generally, when the Court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008); *see also Pell v. Azur Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 586-87 (1969)). When quashing process, courts have the discretion to order conditions, including time constraints, within which the plaintiff may make a second attempt at service. Motions to Dismiss – Quashing Service of Process, 5B Fed. Prac. & Proc. Civ. § 1354 (3d ed.). Here, service is insufficient, but

6

curable, if Plaintiff re-serves Defendant's registered agent authorized to accept service of process.

Although a court also has discretion to dismiss the action if it appears unlikely that proper service can or will be instituted, *see Pell*, 711 F.2d at 950 n.2, the Court is unable to so conclude at this juncture.

### B.  Motion for Default Judgment

Plaintiff moves the Court to enter Default Judgment to Quiet Title, arguing that Defendant did not file an answer and a Motion for Default was entered by the Clerk of this Court. However, the Court's review of the docket reveals that no Clerk's Entry of Default has been entered. Further, as discussed above, Plaintiff's service of process was not sufficient under either federal or New Mexico law. The Court may not exercise personal jurisdiction over a defendant until the procedural requirement of service of process has been satisfied. *See Omni*, 484 U.S. at 104. Accordingly, because Defendant has not yet been properly served, Plaintiff's Motion for Default Judgment should be denied.

### IV.   Conclusion

For all of these reasons, the Court concludes that the *pro se* Plaintiff did not properly effect service on Defendant; however, Plaintiff's insufficient service is curable. Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (*Doc. 12*) for lack of proper service of process be denied, Plaintiff's Motion for Default Judgment (*Doc. 9*) be denied, and Plaintiff be granted an opportunity to re-serve Defendant within a specified time period.

7

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE